Kevin D. Swenson (5803)
ROBERT J. DEBRY & ASSOCIATES
243 East St. George Blvd., Suite 110
St. George, Utah 84770
Telephone: (435) 656-0198
kswenson@robertdebry.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| CRISTINA ARDENE DIEGELMAN and DAVE DIEGELMAN<br><br>Plaintiffs,<br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br><br><br>Civil No.<br><br>Judge |

Plaintiffs complain of Defendant as follows:

## I.

### PARTIES, JURISDICTION AND VENUE

1. At all material times herein, Plaintiffs was a resident of Washington County, State of Utah.

2. At all material times herein, Defendant was a governmental entity of the United States.

3. This cause of action arose in Washington County, State of Utah, and jurisdiction and venue are appropriate in this Court.

## II.

## STATEMENT OF FACTS

4. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 3 above.

5. On August 29, 2009, at approximately 11:00 a.m., Plaintiff Cristina Diegelman was riding her bike on the Pa'rus Trail heading westbound just past Canyon Junction in Zion National Park.

6. When Plaintiff Cristina Diegelman turned onto the second bridge, her front tire slipped on the metal expansion plates of the bridge, causing her front tire to loose all traction, resulting in a fall, shattering her leg with a compound fracture.

7. The metal expansion place was extremely slippery and was an unreasonably dangerous material to be used on the bridge. There was and is evidence of this being a repetitive problem with several such skid marks on this turn entering the bridge indicating this is an ongoing problem and should be fixed to provide more traction. The turn is tight and the metal plates are slippery.

## III.

## FIRST CAUSE OF ACTION

8. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 7 above.

9. Plaintiffs allege that Defendant was grossly negligent in, among other things, the following particulars:

      a. Design, maintenance and usage of the bridge and its component parts, which created an unreasonable and unsafe condition for bikers, including Plaintiff Cristina Diegelman;

      b. Failure to warn of dangerous conditions;

      c. Failure to take action to repair the dangerous conditions that Defendant was or should have been aware of.

10. As a direct and proximate result of Defendant's gross negligent acts, omissions and wrongful conduct, Plaintiff Cristina Diegelman sustained injuries including, but not limited to, a compound fracture and shattered her tibia and fibula on her right leg.

11. As a further direct and proximate result of Defendant's negligent acts, omissions, and wrongful conduct, Plaintiff Cristina Diegelman sustained past, present and future special damages, including past medical expenses, potential future medical expenses, lost wages, impaired earning capacity, out-of-pocket expenses and consequential damages in an amount to be established at trial or agreed upon through settlement.

12. As a further direct and proximate result of Defendant's negligent acts, omissions, and wrongful conduct, Plaintiff Cristina Diegelman suffered past, present and future general damages, including physical pain and suffering, emotional pain and suffering, loss of enjoyment of life, permanent impairment/disability, permanent scaring and increased likelihood of reinjury or aggravation to a pre-existing condition in an amount to be established at trial or agreed upon through settlement.

## IV.

## **SECOND CAUSE OF ACTION**

13. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 12 above.

14. Plaintiffs allege that as a direct and proximate result of Defendant's negligent acts, omissions and wrongful conduct, Plaintiff Cristina Diegelmen sustained injuries as set forth herein above.

15. Plaintiffs allege that as a direct result of Plaintiff Cristina Diegelman's injuries, her relationship with her husband, Dave Diegelman, has been impacted and the responsibilities within the home were modified.

16. As a direct and proximate result of Defendant's negligent acts, omissions and wrongful conduct, Plaintiff, Dave Diegelman, asserts a claim for loss of consortium pursuant to Utah Code Ann. § 30-2-11 in an amount to be established at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For past, present and future special damages, including past medical expenses, potential future medical expenses, lost wages, impaired earning capacity, out-of-pocket expenses and consequential damages in an amount to be established at trial or agreed upon through settlement.

2. For past, present and future general damages, including physical pain and suffering, emotional pain and suffering, loss of enjoyment of life, permanent impairment/disability, potential future permanent scaring and increased likelihood of reinjury or

aggravation to a pre-existing condition in an amount to be established at trial or agreed upon through settlement.

3. For loss of consortium pursuant to Utah Code Ann. § 30-2-11 in an amount to be established at trial.

4. For prejudgment and post-judgment interest, costs of court, and such other relief as this Court deems equitable.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues triable by jury, and submit herewith said statutory fee.

RESPECTFULLY SUBMITTED this 22 day of November, 2010.

ROBERT J. DeBRY & ASSOCIATES

Kevin D. Swenson
Attorney at Plaintiffs

**PLAINTIFFS' ADDRESS:**

176 South 2460 West
Hurricane, Utah 84737